# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-399-FDW-DCK

**HUBER ENGINEERED WOODS LLC,**

    Plaintiff,

v.

**GEORGIA-PACIFIC WOOD PRODUCTS LLC**,

    Defendant.

**PROTECTIVE ORDER**

IT IS HEREBY ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied by the parties to each other:

**Definitions**

1. The following definitions shall apply:

    a. "Information" means all materials within the scope of Fed. R. Civ. P. 34, including documents, electronically stored information, tangible things, and information given in writing or orally. It also includes discovery responses, testimony, and transcripts.

    b. "Inside Counsel" means Carol Messer, David Cotey, Patricia Ades, and Cheryl Tubach on behalf of Huber Engineered Woods LLC and Michael Kruljac, Karl Eichelberger, Dean Shahriari, and Ronald Hull on behalf of Georgia-Pacific Wood Products LLC.

    c. "Outside Counsel" means attorneys and staff with the law firms of Van Winkle Law Firm, Merchant & Gould, P.C., Alston & Bird LLP, and any law firms that enter an appearance in this litigation.

d. "Written Assurance" means an executed document in the form attached hereto as Exhibit A.

e. "Nonparty" means a person or entity not a Party to this action.

f. "Producing Party" means any party to this action or any nonparty who produces Information.

g. "Receiving Party" means an individual or corporate entity who properly receives or is shown Information.

h. "Confidential Information" means Information which the Producing Party believes in good faith constitutes or relates to sensitive business, financial, technical, or commercial information that is not publicly available, which may provide a commercial advantage to its possessor, and which, if disclosed to persons other than those set forth in Paragraph 14 below, would create a substantial risk of serious harm that could not be avoided by less restrictive means.

i. "Highly Confidential Information" means Information which the Producing Party claims in good faith is highly sensitive financial information, including, but not limited to, pricing and revenue information and other sensitive financial data, which, if disclosed to persons other than those set forth in Paragraph 15 below, would create a substantial risk of serious harm that could not be avoided by less restrictive means. "Highly Confidential Information" also includes information which the Producing Party claims in good faith is related to products currently under development, including, but not limited to, the research, development, and design of future products, which, if disclosed to persons other than those set forth in Paragraph 15 below, would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**Scope of Protective Order**

2. This Protective Order shall not apply to Information which is or becomes publicly known through no fault of the Receiving Party and shall not apply to Information which the Receiving Party or its counsel, prior or subsequent to the date of receipt of the Information, had lawfully obtained from a nonparty or otherwise independently developed. Should a dispute arise as to any specific Information, the party claiming that such Information is or has become publicly known, was lawfully obtained, or was independently developed shall bear the burden of proving its assertion.

3. Unless otherwise ordered by the Court, or otherwise provided for herein, Information designated Confidential or Highly Confidential will be held and used by the person receiving such Information solely for use in connection with the above-captioned action. Nothing in this Protective Order precludes a Producing Party from using its own Confidential or Highly Confidential Information. Further, nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

4. This Protective Order shall not restrict any attorney of record from rendering legal advice to his or her client with respect to this action and, in the course thereof, generally referring to or relying upon his examination of Confidential or Highly Confidential Information. In rendering such advice, and in otherwise communicating with his or her client, the attorney shall not disclose the specific content of any Confidential or Highly Confidential Information or its source to his or her client unless otherwise authorized to disclose that Information to such person pursuant to this Protective Order.

**Designation of Confidential Information and Highly Confidential Information**

5. Counsel for any party may designate any Information as Confidential if counsel determines, in good faith, that such Information is not generally known by others outside of the party and that such designation is necessary to protect the interests of the client. Information designated by a party as Confidential will be labeled "CONFIDENTIAL."

6. Counsel for any party may designate any Information as Highly Confidential if counsel determines, in good faith, that such Information comprises highly sensitive financial information, including, but not limited to, pricing and revenue information and other sensitive financial data or is related to products currently under development, including, but not limited to, the research, development, and design of future products. Information designated by a party as Highly Confidential will be labeled "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

7. A party shall designate Information as Confidential or Highly Confidential prior to or at the time of the production or disclosure of the Information and the appropriate designation shall be marked on each page to which the designation applies, or in the event that such marking is not feasible, on a prominent visible surface (or corresponding location on a digital record), envelope, or container.

8. All depositions or portions of depositions taken in this action, including exhibits thereto, may be designated as Confidential or Highly Confidential by either making the designation on the record or by written notice to the other party within 14 days of receipt of the transcript. Depositions shall be treated as Highly Confidential during the 14-day period following receipt of the transcript unless the parties otherwise agree in writing.

9. When a tangible object is produced for inspection, if a designation is warranted the party should designate the object as Confidential by placing a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" label on the object or by providing a photograph of the object with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Thereafter, any knowledge learned or obtained as a result of the inspection shall be deemed either Confidential or Highly Confidential, as designated by the label.

10. Any party who inadvertently fails to designate Information as Confidential or Highly Confidential shall promptly take reasonable steps to correct its failure, as outlined in Paragraphs 29-30 below. Any party receiving such inadvertently unmarked Information shall make reasonable efforts to retrieve such information distributed to unauthorized persons. All disclosures of Information that is privileged or otherwise immune from discovery shall be subject to the requirements and procedures detailed in Fed. R. Evid. 502(d), Fed. R. Civ. P. 26(b)(5)(B), and Paragraphs 29-30, below.

11. Nonparties producing Information in the course of this action may also designate Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," subject to the same protections and constraints on the parties to the action. All Information produced by such nonparties shall be treated as Highly Confidential for a period of 14 days from the date of its production or disclosure unless otherwise agreed by the parties and the nonparty, and, during that period, any party or nonparty may designate such Information as Confidential or Highly Confidential, pursuant to the terms of this Protective Order. A nonparty's use of this Protective Order to protect its own Information does not entitle it to access any Information produced by any party to this action.

**Contesting Confidentiality Designations**

12. In the event a party challenges another party's confidentiality designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, either party may thereafter seek resolution by the Court. The designating party will bear the burden of establishing that such Information is entitled to be designated as Confidential or Highly Confidential Information. Nothing in this Protective Order constitutes an admission by any party that Confidential or Highly Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential or Highly Confidential Information disclosed, in accordance with applicable law.

**Filing Confidential and Highly Confidential Information with the Court**

13. For the purpose of Paragraphs 14 and 15, it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents. If a party wishes to file Confidential Information or Highly Confidential Information with the Court, it shall do so in compliance with the Court's local rules and electronic case filing procedures for filing documents under seal. Prior to disclosure at trial or a hearing of Information designated as Confidential or Highly Confidential, the parties may seek further protections against public disclosure from the Court.

**Disclosure of Confidential and Highly Confidential Information**

14. Unless otherwise directed by the Court or authorized in writing by the Producing Party, the Receiving Party shall not disclose Information designated "CONFIDENTIAL" to any person, except:

a. The parties' Outside Counsel and Inside Counsel;

   b. Any employee of the Producing Party, the author of the Information, or any person who lawfully received or had knowledge of the Information before this action was filed;

   c. Consultants or experts to the extent deemed necessary by counsel and subject to Paragraphs 17 and 19 and other provisions of this Protective Order as may be applicable;

   d. A stenographer and videographer recording testimony concerning the Information;

   e. The Court, according to the established procedures for filing under seal; or

   f. Any other person agreed to by the Producing Party in writing.

15. Unless otherwise directed by the Court or authorized in writing by the Producing Party, the Receiving Party shall not disclose Information designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" to any person, except:

   a. The parties' Outside Counsel;

   b. Any employee of the Producing Party, the author of the Information, or any person who lawfully received or had knowledge of the Information before this action was filed;

   c. Consultants or experts to the extent deemed necessary by counsel and subject to Paragraphs 18 and 19 and other provisions of this Protective Order as may be applicable;

   d. A stenographer and videographer recording testimony concerning the Information;

   e. The Court, according to the established procedures for filing under seal; or

f. Any other person agreed to by the Producing Party in writing.

16. Prior to disclosing or displaying the Confidential Information or Highly Confidential Information to any person, counsel shall:

   a. Inform the person of the Confidential or Highly Confidential nature of the Information;

   b. Inform the person that this Court has enjoined the use of the Information or documents by him/her for any purpose other than this action and has enjoined the disclosure of that information or documents to any other person; and

   c. Inform the person of any other applicable restrictions provided herein, including the prosecution bar.

17. Information designated "CONFIDENTIAL" may be displayed to and discussed with the persons identified in Paragraph 14(c) and (f) only on the condition that, prior to any such display or discussion, each such person shall sign a Written Assurance agreeing to be bound by this Protective Order.

18. Information designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" may be displayed to and discussed with the persons identified in Paragraph 15(c) and (f) only on the condition that, prior to any such display or discussion, each such person shall sign a Written Assurance agreeing to be bound by this Protective Order.

19. As a further condition precedent to the disclosure of Information designated Confidential or Highly Confidential to persons identified in Paragraphs 14(c) or 15(c), respectively, at least seven calendar days before Information designated Confidential or Highly Confidential is disclosed to such persons, counsel for the Receiving Party shall serve notice on the Producing Party identifying the person by name and including a *curriculum vitae* or equivalent

resume disclosing the person's address, employment history, past or present relationship with any of the parties, all consulting engagements during the past five years, as well as a copy of the Written Assurance signed by such Person. Prior to the disclosure of any Information designated Confidential or Highly Confidential, the Producing Party shall have seven calendar days from receipt of the *curriculum vitae* and executed Written Assurance to object to such disclosure. In the event of an objection to the proposed disclosure, the parties shall promptly confer in good faith to resolve the concerns giving rise to the objection. If the parties are unable to reach agreement regarding such disclosure, the objecting party must notify the Court within seven calendar days of conferring. The burden shall be on the objecting party to demonstrate to the Court why the proposed disclosure should not be made.

20. All notices required by this Protective Order are to be made by e-mail to all counsel of record representing the noticed party. The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.

21. Counsel for any party to this Protective Order shall have the right to exclude from depositions, other than the deponent, court reporter, and videographer, any person who is not authorized under this Protective Order to receive Confidential or Highly Confidential Information. Such right of exclusion shall be applicable only during periods of examination or testimony directed to such Confidential or Highly Confidential Information.

22. If at any time Confidential or Highly Confidential Information is subpoenaed by any court, or any arbitral, administrative, or legislative body, the person to whom the subpoena is directed shall immediately give written notice thereof to counsel for every party who has produced such Confidential or Highly Confidential Information and shall provide each such party with an opportunity to object to the production of such Confidential or Highly Confidential Information

before the party being subpoenaed discloses such Information. If the Producing Party does not move for a protective order within seven calendar days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such Confidential or Highly Confidential Information.

**Disclosure of Expert Reports and Communications**

23. The parties agree that no party or independent expert witness or consultant, whether designated as a testifying witness or not, is required to maintain or produce drafts of expert reports or communications with Outside Counsel relating to this action or the subject matter of this action, or notes made or taken during preparation of laboratory testing or expert reports per Fed R. Civ. P. 26(b)(4)(B).

24. Communications between an independent expert witness or consultant and a party's attorneys shall not be discoverable, except that facts or data contained in such communications and reviewed by or relied upon by such expert witness or consultant will become discoverable pursuant to Fed. R. Civ. P. 26(A)(2)(b) if and when such expert witness or consultant is designated as a testifying witness.

25. Testifying experts shall not be subject to discovery on any drafts of their reports and such draft reports (or notes or outlines for draft reports) are also exempt from production and discovery and may be discarded.

26. No discovery can be taken from any consulting expert except to the extent that the consulting expert has provided information, opinions, or other materials to a testifying expert, who relies upon such information, opinions, or other materials in forming his or her final report, trial or deposition testimony, or any opinion in this action.

27. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by a testifying expert in formulating his or her final report, trial or deposition testimony, or any opinion in this action. Materials, communications, and other Information exempt from discovery under this Paragraph shall be treated as attorney-work product for the purposes of this action and Protective Order.

**Return or Destruction of Confidential and Highly Confidential Information**

28. At the conclusion of this action, any and all Confidential and/or Highly Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the Producing Party or certified as destroyed, with the exception of Information excerpted and included in attorney notes or written work product, including without limitation, written discovery, correspondence, judicial submissions such as briefs or memoranda, expert reports, and drafts thereof.

**Production of Privileged Information and "Claw-Back" Procedures**

29. The production of any privileged or otherwise protected or exempted Information, as well as the production of Information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the Confidential or Highly Confidential nature of any such Information, as to the produced Information and any related materials. The Producing Party must notify the receiving party promptly, in writing, upon discovery that privileged and/or otherwise protected Information has been produced. Upon receiving such written notice from the Producing Party that privileged and/or otherwise protected Information has been produced, all such Information and all

copies thereof, shall be returned to the Producing Party within ten (10) business days of receipt of such notice and the receiving party shall not use such Information for any purpose until further order of the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the produced Information in electronic format and shall also destroy or redact any analyses, memoranda, or notes which were internally generated based upon such produced Information.

30. The Receiving Party may dispute the Producing Party's assertion of privilege or other protection by requesting general information related to the produced Information (of the nature of what would be on a privilege log), such as the names of the author and recipients, the general nature of the produced Information, and the Producing Party's basis for asserting privilege, but shall not review the produced Information unless expressly permitted in writing by the producing party or the Court.

**Nonparty Discovery**

31. Information sought or obtained from a nonparty shall be treated as Confidential or Highly Confidential if requested by the nonparty. Any such Information designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" by a nonparty will be accorded the same protection as the parties' Confidential or Highly Confidential Information, and will be subject to the same procedures as those governing disclosure of the parties' Confidential and Highly Confidential Information pursuant to this Protective Order. Either party may seek to challenge designations by a nonparty under the provisions of Paragraph 12 after providing written notice to the nonparty at least ten (10) business days in advance and agreeing that it will not object to the nonparty appearing in this action for the limited purpose of seeking to preserve its requested designation.

**Use at Trial**

32. This Protective Order is not intended to govern the use of Confidential or Highly Confidential Information at the trial of this action. Procedures governing the use of Confidential and Highly Confidential Information at trial, if necessary, will be established by separate order, pursuant to application by one or more of the parties to the Court, or *sua sponte* pursuant to the Court's own procedures, and may be addressed at the pre-trial conference.

**Reservation of Rights**

33. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to Confidential or Highly Confidential Information; or to object to the production of Information; or to apply to the Court for an order compelling production of Information; or for modification of this Protective Order.

**IT IS SO ORDERED**.

Signed: October 28, 2016

David C. Keesler
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-399-FDW-DCK**

**HUBER ENGINEERED WOODS LLC,**

    Plaintiff,

v.

**GEORGIA-PACIFIC WOOD PRODUCTS LLC**,

    Defendant.

**EXHIBIT A – WRITTEN ASSURANCE**

    I, _____, declare that:

    I reside at _____ in the city of _____, and state of _____. I am currently employed by _____ and my current job title is _____. I have read and understand the terms of the Protective Order filed in *Huber Engineered Woods LLC v. Georgia-Pacific Wood Products LLC*, Civil Action No. 3:16-cv-00399-FDW-DCK.

    I understand that certain documents and/or information to be disclosed to me in connection with the matter entitled *Huber Engineered Woods LLC v. Georgia-Pacific Wood Products LLC*, Civil Action No. 3:16-cv-00399-FDW-DCK, have been designated as Confidential and/or Highly Confidential. I understand that any such document and/or information labeled as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" is confidential by Order of the Court. I agree to comply with and be bound by the provisions of the Protective Order, and, under penalty of contempt of Court, I hereby agree that I will not disclose

1

any information contained in such documents to any person other than those authorized by the Protective Order.  I further agree not to use any such information for any purpose other than this action.

I submit myself to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under the penalty of perjury that the foregoing is true and correct.

Date: _____

                Signature: _____

                Signed in the presence of: _____
                                      (Attorney)